Mark A. Robertson
Fulbright & Jaworski L.L.P.
666 Fifth Avenue
New York, NY 10103-3198
Telephone: (212) 318-3000
Telecopier: (212) 318-3400
mrobertson@fulbright.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF LB COMMERCIAL MORTGAGE TRUST 2007-C3, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-C3, <br><br> PLAINTIFF, <br><br> V. <br><br> BETHANY HOLDINGS GROUP, LLC, JEFFREY SILVERMAN, GREGORY GARMON, TERRY KNUTSON, TERRY & ROSE KNUTSON 2000 FAMILY TRUST, <br><br> DEFENDANTS. | 09 Civ. 5365 (PGG) <br><br> COMPLAINT |

RECEIVED
U.S. DISTRICT COURT
S.D.N.Y.
09 JUN -9 PM 5:49

Plaintiff, LaSalle Bank National Association, as Trustee for the Registered Holders of LB Commercial Mortgage Trust 2007-C3, Commercial Mortgage Pass-Through Certificates, Series 2007-C3 ("**Plaintiff**"), acting by and through Midland Loan Services, Inc., a Delaware corporation, as special servicer pursuant to a Pooling and Servicing Agreement dated July 11, 2007, complains of and about Defendants, Bethany Holdings Group, LLC ("**BHG**"), Jeffrey Silverman ("**Silverman**"), Gregory Garmon ("**Garmon**"), Terry Knutson ("**Knutson**") and Terry & Rose Knutson 2000 Family Trust ("**Knutson Trust**"). BHG, Silverman, Garmon,

Knutson and Knutson Trust are referred to either individually or collectively as "**Defendant Guarantors**" or "**Defendants.**"

## NATURE OF ACTION

1. This is an action for breach of contract arising out of the breach by Defendant Guarantors of two guaranty agreements, each guaranteeing repayment of a commercial real estate loan in the original principal amount of $64,500,000, secured by income-producing apartment complexes located in the State of Colorado (the "**Colorado Loan**").

2. The guaranty agreements made the subject of this action (collectively referred to as the "**Colorado Guaranties**") are as follows:

   (a) Guaranty of Recourse Obligations of Borrower, dated April 27, 2007, executed by BHG, Garmon, Silverman, Knutson and Knutson Trust ("**Colorado Recourse Guaranty**");[1] and,

   (b) Limited Guaranty of Payment ($4.0 Million), dated April 27, 2007, executed by BHG, Garmon, Silverman, Knutson and Knutson Trust ("**Colorado Limited Guaranty**").[2]

## PARTIES & SERVICE

3. Plaintiff is a REMIC trust for which LaSalle Bank National Association ("**LaSalle**") is the Trustee. LaSalle's main office is located in Chicago, Illinois. For purposes of 28 U.S.C. §1332, Plaintiff is therefore a citizen of the State of Illinois. Plaintiff may be served through its undersigned attorneys.

4. Defendant BHG is a Nevada limited liability company with its principal place of business at 1920 Main Street, Suite 770, Irvine, CA 92614. BHG's managers are Gregory Garmon, Jeffrey Silverman and Charles Sherman, all individuals residing within the State of

---

[1] *See* Exhibit 1, which is a true and correct copy of the Colorado Recourse Guaranty.
[2] *See* Exhibit 2, which is a true and correct copy of the Colorado Limited Guaranty.

California, and their addresses are set forth below.[3] For purposes of 28 U.S.C. §1332, BHG is therefore a citizen of the States of California and Nevada. BHG may be served with process through its manager, Greg Garmon, at 1920 Main Street, Suite 770, Irvine, California 92614.

5. Defendant Silverman is an individual residing in the State of California. Silverman may be served with process at 1920 Main Street, Suite 770, Irvine, California 92614.

6. Defendant Garmon is an individual residing in the State of California. Garmon may be served with process at 1920 Main Street, Suite 770, Irvine, California 92614.

7. Defendant Knutson is an individual residing in the State of California. Knutson may be served with process at 1831 S. Stockton Street Lodi, California 95240.

8. Defendant Knutson Trust is a California family trust whose beneficiaries, Terry and Rose Knutson, are individuals residing in the State of California. Knutson Trust may be served with process at 1831 S. Stockton Street Lodi, California 95240.

## JURISDICTION & VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, because complete diversity of citizenship exists between Plaintiff, on the one hand, and all Defendants, on the other hand, and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Defendants are subject to personal jurisdiction in the State of New York, and venue of this action is proper in this District because Defendants agreed in the Colorado Guaranties that, in a case involving diversity of citizenship, the United Sates District Court for

---

[3] Charles Sherman, not a named Defendant, is an individual residing in the State of California with a business address of 1920 Main Street, Suite 770, Irvine, California 92614.

the Southern District of New York shall have exclusive jurisdiction of any such action or proceeding.[4]

## FACTUAL BACKGROUND

### A. The Bethany Loan Portfolio

11. During a period from December 2006 through June 2007, entities affiliated with Defendant BHG entered into seven (7) separate commercial real estate loan transactions pertaining to some twenty-nine (29) parcels of commercial, income-producing real estate properties (collectively, the "**Property**") currently developed as multi-family residential properties located in Colorado, Texas, California, Arizona, Maryland, and Florida (the "**Bethany Loan Portfolio**"). Repayment of the loans within the Bethany Loan Portfolio is secured in part by the Property, which comprises some 9,194 apartment units, and is furthered secured in part by approximately twenty-six (26) guaranty agreements, including the Colorado Guaranties executed by Defendant Guarantors and made the subject of this action.

12. In the latter portion of 2008, some of the borrowers obligated on loans within the Bethany Loan Portfolio began to default by, among other things, allowing numerous and substantial mechanics' and materialmen's liens to encumber portions of the Property. As of the date of the filing of this action, each loan within the Bethany Loan Portfolio is in default.

### B. The Bethany Colorado Loan Transaction

13. On or about April 27, 2007, Waterfield Apartment Associates, LLC, Falcon Pointe Apartment Associates, LLC, Rockrimmon Apartment Associates, LLC, Rolling Hills Apartments, LLC and Bethany Rolling Hills, LLC (collectively, "**Bethany Colorado Borrower**") executed, as maker, a Promissory Note payable to Lehman Brothers Bank, FSB

---

[4] *See* Exhibit 1 at p. 3; Exhibit 2 at pp. 3-4, Section 9.

("**Lehman**"), as original payee, in the original principal amount of $65,000,000.00 (the "**Colorado Note**").[5] Lehman disbursed the funds evidenced by the Colorado Note pursuant to the terms and conditions of the a loan agreement dated April 27, 2007, as amended, between Lehman and Bethany Colorado Borrower (the "**Colorado Loan Agreement**").[6]

14. Bethany Colorado Borrower used the proceeds of the Colorado Loan in connection with four (4) apartment complexes located in the State of Colorado and known as (a) Waterfield Court, located at 3499 S. Uravan Way, Aurora, Colorado 80013; (b) Rockrimmon, located at 260 Rimview Drive, Colorado Springs, Colorado 80919; (c) Falcon Pointe, located at 1844 Ralphs Ridge, Colorado Springs, Colorado 80910; and (d) Rolling Hills, located at 1129 S. Eaton Circle, Castle Rock, Colorado 80104 (Waterfield Court, Rockrimmon, Falcon Pointe and Rolling Hills Apartments are referred to collectively herein as the "**Colorado Property**").

15. The Colorado Note, the Colorado Loan Agreement, the Colorado Guaranties and all other documents executed in connection with the Bethany Colorado loan transaction are referred to either individually or collectively as the "**Colorado Loan Documents**."

16. Plaintiff is (i) the current owner and holder of (y) the right to receive payments due under the Colorado Loan Documents, and (z) the right to receive the total outstanding indebtedness evidenced by the Colorado Loan Documents; and (ii) the current owner of the (x) liens, (y) security interests and (z) right to enforce the terms and provisions, contained within the Colorado Loan Documents, including without limitation the Colorado Guaranties.

**C.  Bethany Colorado Borrower's Default and Subsequent Bankruptcy**

17. Bethany Colorado Borrower has allowed numerous and substantial mechanic's liens to be recorded against the Colorado Property. The failure to discharge these mechanic's

---

[5] *See* Exhibit 3, which is a true and correct copy of Note A.
[6] *See* Exhibit 4, which is a true and correct copy of the Loan Agreement.

liens within a period of over sixty days constituted a default under the Colorado Loan Documents. On or about February 7, 2009, Plaintiff sent a notice of defaults to Bethany Colorado Borrower and provided Bethany Colorado Borrower the opportunity to cure the defaults by March 13, 2009. Instead of attempting to discharge the mechanic's liens, however, Bethany Colorado Borrower abandoned the Colorado Property. Indeed, Plaintiff learned that as of Friday, February 27, 2009, Bethany Colorado Borrower had dismissed all employees, including those managing and operating the Colorado Property (which consists of four different apartment complexes comprising some 1,164 individual apartment units) that secure repayment of the Colorado Note. Plaintiff also learned that because of Bethany Colorado Borrower's failure to discharge its debts to various third-party service providers to whom it was indebted, the Colorado Property was in imminent danger of losing, among other things, utility services, fire alarm monitoring services, trash removal services, pest control services, snow removal services, facility maintenance, critically needed maintenance and property management.

18. On March 6, 2009, Plaintiff filed suit against Bethany Colorado Borrower in state district courts in Arapaho and El Paso Counties, Colorado. In those actions, Plaintiff obtained the Courts' appointments of a receiver to secure and stabilize the Colorado Property and to resolve the liens and claims asserted by third parties.

19. On March 31, 2009, Bethany Colorado Borrower entities filed a voluntary petition for protection pursuant to Chapter 11 of the United States Bankruptcy Code. As of the date of filing of this action, Plaintiff's state court litigation against Bethany Colorado Borrower referenced above is stayed.

**D.     Defendants' Guaranty of Borrower's Obligations (Recourse Guaranty)**

20. In connection with the Colorado Note, on April 27, 2007, Defendant Guarantors executed the Recourse Guaranty, wherein Guarantors personally guaranteed "all obligations and

liabilities of Borrower for which Borrower shall be personally liable pursuant to Section 9.4(b) and (c) of the Loan Agreement."[7]

21. Section 9.4(c) of the Bethany Colorado Loan Agreement and the Colorado Recourse Guaranty permit the lender to declare the debt due and payable from Defendant Guarantors if Bethany Colorado Borrower files for bankruptcy protection. Specifically, section 9.4(c) of the Bethany Colorado Loan Agreement provides:

> "Notwithstanding the foregoing, the agreement of Lender[8] not to pursue recourse liability as set forth in Subsection (a) above SHALL BECOME NULL AND VOID and shall be of no further force and effect upon occurrence of the following ("Full Recourse Events"):
>
> \*\*\*
>
> (iii)   *if the Property or any part thereof shall become an asset in (A) a voluntary bankruptcy* or insolvency proceeding . . . ."[9]

22. The Colorado Recourse Guaranty further provides:

> It is further understood, that if Borrower shall have taken advantage of, or be subject to the protection of, any provision in the Bankruptcy Code, the effect of which is to prevent or delay Lender from taking any remedial action against Borrower, including the exercise of any option Lender has to declare the Debt due and payable on the happening of any default or event by which under the terms of the Note, the Loan Agreement, or the other Loan Documents, the Debt shall become due and payable, *Lender may, as against Guarantor, nevertheless, declare the Debt due and payable and enforce any or all of its rights and remedies against Guarantor provided for herein.*[10]

The Colorado Recourse Guaranty defines the "Debt" as "the principal sum evidenced by the [Colorado Note] and secured by the Security Instrument, or so much thereof as may be

---

[7] *See* Exhibit 1 at p. 2.
[8] Capitalized terms not defined herein shall have the meanings ascribed to them in the Colorado Loan Documents.
[9] *See* Exhibit 4 at p. 106-107 (emphasis added).
[10] *See* Exhibit 1 at p. 3 (emphasis added).

outstanding from time to time, together with interest thereon at the rate of interest specified in the [Colorado Note] and all other sums other than principal or interest which may or shall become due and payable pursuant to the provisions of [the Colorado Loan Documents]."[11]

23.     The Colorado Recourse Guaranty provides that Defendants waive notice of the acceptance of the Colorado Guaranties, presentment, demand for payment, protest, notice of protest or any and all notice of non-payment, non-performance or non-observance, or other proof, or notice or demand necessary to charge Defendants with liability under the Colorado Guaranties.[12]

24.     In addition, the Colorado Recourse Guaranty provides that it is a guaranty of payment and not of collection and that upon any default of Colorado Austin Borrower] under the Colorado Loan Documents, Plaintiff may, at its option, proceed directly and at once, without notice, against Defendants to collect and recover the full amounts (or any portions thereof) of Defendants' liabilities under the Colorado Recourse Guaranty, without proceeding against Bethany Colorado Borrower or any other person, and without foreclosing upon, selling or otherwise disposing of, or collecting or applying against, any of the mortgaged property or other collateral for the Colorado Loan. [13]

25.     Finally, the Colorado Recourse Guaranty provides that Defendants are jointly and severally liable for their obligations under the Colorado Recourse Guaranty.[14]

26.     Pursuant to the Colorado Recourse Guaranty, Defendants owe Plaintiff the total outstanding principal amount due under the Colorado Note, together with interest at the rate

---

[11] *See* Exhibit 1 at p. 1.
[12] *See* Exhibit 1 at p. 2.
[13] *See* Exhibit 1 at p. 3.
[14] *See* Exhibit 1 at p. 4.

specified in the Colorado Note and all other sums other than principal or interest which are due and payable pursuant to the Colorado Note. In addition, pursuant to the Colorado Recourse Guaranty, Defendants owe Plaintiff all expenses (including attorneys' fees and disbursements) incurred by Plaintiff in connection with (y) the collection of the amounts owed by Defendants pursuant to the Colorado Recourse Guaranty and (z) the enforcement of the Colorado Recourse Guaranty.[15]

### E. Defendants' Guaranty of Borrower's Obligations in Limited Guaranty ($4.0 Million)

27. In connection with the Colorado Note, on April 27, 2007, Defendant Guarantors also executed the Limited Guaranty, wherein Defendant Guarantors, "as a primary obligor and not merely as a surety," personally guaranteed "the principal sum evidenced by the Note, or so much thereof as may be outstanding from time to time, together with interest thereon at the rate of interest specified in the Note and all other sums, other than principal or interest, which may or shall become due and payable pursuant to the provisions of the Note." The Limited Guaranty also guaranteed payment of "all other monetary obligations and liabilities of Borrower under the Note, the Loan Agreement and the other Loan Documents."[16]

28. The Limited Guaranty further provides that Guarantors' liability thereunder "shall not exceed an amount equal to (i) $4,000 000 _minus_ (ii) amounts in the Interest Reserve Account that shall have been applied to the reduction of the Debt in accordance with the Loan Agreement."[17]

29. The Limited Guaranty also provides:

---

[15] _See_ Exhibit 1 at p. 2.
[16] _See_ Exhibit 2 at p. 1-2, Section 1.
[17] _See_ Exhibit 2 at p. 1-2, Section 1 (underlining in original text).

> It is further understood, that if Borrower shall have taken advantage of, or be subject to the protection of, any provision in the Bankruptcy Code, the effect of which is to prevent or delay Lender from taking any remedial action against Borrower, including the exercise of any option Lender has to declare the Debt due and payable on the happening of any default or event by which under the terms of the Note, the Loan Agreement, or the other Loan Documents, the Debt shall become due and payable, ***Lender may, as against Guarantor, nevertheless, declare the Debt due and payable and enforce any or all of its rights and remedies against Guarantor provided for herein.***[18]

30. The Limited Guaranty provides that "Guarantor will reimburse Lender, to the extent that such reimbursement is not made by any Borrower, for all expenses (including counsel fees and disbursements) incurred by Lender in connection with the enforcement of this Guaranty including, but not limited to, the collection of sums payable hereunder."[19]

31. In addition, the Limited Guaranty provides:

> This is a guaranty of payment and not of collection and upon any default of Borrower under the Note, the Loan Agreement, or the other Loan Documents, Lender may, at its option, proceed directly and at once, without notice, against Guarantor to collect and recover the full amount of the liability hereunder or any portion thereof, without proceeding against Borrower or any other person, or foreclosing upon, selling, or otherwise disposing of or collecting or applying against any of the mortgaged property or other collateral for the Loan.[20]

Finally, Guarantors' liability under the Limited Guaranty "shall be in addition to any liability of Guarantor under any other guaranty or indemnity delivered by Guarantor in connection with the

---

[18] See Exhibit 2 at p. 3, Section 7 (emphasis added).
[19] See Exhibit 2 at p. 2-3, Section. 4.
[20] See Exhibit 2 at p. 4, Section 10. On the issue of notice, the Limited Guaranty also provides that "Guarantor hereby waives notice of the acceptance hereof, presentment, demand for payment, protest, notice of protest, or any and all notice of non-payment, non-performance or non-observance, or other proof, or notice or demand, whereby to charge Guarantor therefor." See Exhibit 2 at p. 3, Section 6.

Loan," and "if Guarantor consists of more than one Person, the obligations of each such Person under this Guaranty are joint and several."[21]

## COUNT ONE – BREACH OF RECOURSE GUARANTY

32.  Plaintiff incorporates by reference the allegations made in paragraphs 1-31 above as if set forth fully herein.

33.  The Recourse Guaranty is a valid, binding and enforceable agreement executed by Guarantors. Plaintiff has performed all of its obligations under the Recourse Guaranty. The voluntary filing by Bethany Colorado Borrower for bankruptcy protection triggered Guarantors' full-recourse liability to Plaintiff pursuant to the Recourse Guaranty, and Guarantors have materially breached their obligations under the Recourse Guaranty by, among other things, failing to pay all sums due and owing to Plaintiff.

34.  By reason of Guarantors' breach of the Recourse Guaranty, Guarantors are jointly and severally liable to Plaintiff for its damages proximately caused by such breach in an amount to be determined at trial, for which Plaintiff now sues, which includes all sums due under the Colorado Loan Documents, including all interest, costs and reasonable attorneys' fees incurred by Plaintiff in efforts to collect the amounts owed.

## COUNT TWO – BREACH OF LIMITED GUARANTY

35.  Plaintiff incorporates by reference the allegations made in paragraphs 1-34 above as if set forth fully herein.

36.  The Limited Guaranty is a valid, binding and enforceable agreement executed by Guarantors. Plaintiff has performed all of its obligations under the Limited Guaranty. The voluntary filing by Bethany Colorado Borrower for bankruptcy protection triggered Guarantors'

---

[21] *See* Exhibit 2 at p. 5, Section 17-18.

liability to Plaintiff pursuant to the Limited Guaranty, and Guarantors have materially breached their obligations under the Limited Guaranty by, among other things, failing to pay the $4,000,000 due and owing to Plaintiff thereunder.

37. By reason of Guarantors' breach of the Limited Guaranty, Plaintiff has been damaged in an amount to be determined at trial, for which Plaintiff now sues, including all interest, costs and reasonable attorneys' fees incurred by Plaintiff in efforts to collect the amounts owed.

### COUNT THREE – ATTORNEYS' FEES AND COSTS

38. Plaintiff incorporates by reference the allegations made in paragraphs 1-37 above as if set forth fully herein.

39. The Recourse Guaranty and the Limited Guaranty each provide that "Guarantor agrees that, with or without notice or demand, Guarantor will reimburse Lender to the extent that such reimbursement is not made by Borrower, for all expenses (including reasonable counsel fees and disbursements) incurred by Lender in connection with the enforcement of this Guaranty including, but not limited to, the collection of sums payable hereunder."[22]

40. Accordingly, Guarantors are liable to Plaintiff for Plaintiff's reasonable attorneys' fees and related expenses incurred by Plaintiff in the prosecution and collection of its claims in this action.

### PRAYER

WHEREFORE, Plaintiff respectfully requests that Defendant Guarantors be cited to answer and appear herein and that the Court enter judgment against Defendant Guarantors, jointly and severally, as follows:

---

[22] *See* Exhibit 1 at p. 2; Exhibit 2 at p. 2-3, Section 4.

 (a) As to Count One, awarding Plaintiff judgment as to all sums due and owing to Plaintiff under the Colorado Loan Documents in an amount to be determined at trial;

 (b) As to Count Two, awarding Plaintiff judgment up to $4,000,000 to be determined at trial;

 (c) Awarding to Plaintiff its reasonable attorneys' fees and costs incurred in this action;

 (d) Awarding to Plaintiff pre- and post-judgment interest on all damages awarded against Defendant Guarantors as allowed under applicable law; and,

 (e) Awarding to Plaintiff such other and further relief, at law or in equity, to which it may show itself justly entitled.

Dated: June 9, 2009
New York, New York

Respectfully submitted,

_____
Mark A. Robertson
Fulbright & Jaworski L.L.P.
666 Fifth Avenue
New York, NY 10103-3198
Telephone: (212) 318-3000
Facsimile: (212) 318-3400
mrobertson@fulbright.com


Norlynn B. Price*
Melissa A. Davis*
Fulbright & Jaworski L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
nprice@fulbright.com
mdavis@fulbright.com

**ATTORNEYS FOR PLAINTIFF**
* *Pro hac vice* application to be filed

Bethany

Colorado

Exhibits

1090 4095